IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELISA WOLTER and MARIA G. BOK, by her daughter and next friend, ELISA WOLTER, individually and on behalf of a class,<br><br>Plaintiffs,<br><br>v.<br><br>ANSELMO LINDBERG OLIVER LLC,<br><br>Defendant. | Case No. 16-CV-04205<br><br>Honorable Robert W. Gettleman |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COMES the Defendant ANSELMO LINDBERG OLIVER LLC, by and through its attorneys, Hinshaw & Culbertson LLP, and in response to Plaintiff's Complaint, states as follows:

### INTRODUCTION

1. Plaintiffs Elisa Wolter and Maria G. Bok, by her daughter and next friend, bring this action to secure redress from unlawful collection practices engaged in by defendant Anselmo Lindberg Oliver, LLC. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**ANSWER:** **Defendant admits that Plaintiff bring this action for damages for purported violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692,** *et seq.* **("FDCPA") but denies that Plaintiff has any such claims herein.**

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

**ANSWER:** **Subject to its affirmative defenses, Defendant does not contest jurisdiction.**

3. Venue and personal jurisdiction in this District are proper because:

    (a) Defendant's collection conduct impacted plaintiffs within this District;

    (b) Defendant does or transacts business within this District.

**ANSWER:** **Defendant does not contest venue.**

## PARTIES

4. Plaintiff Maria G. Bok is an individual who resides in the Northern District of Illinois, in a single family home which she owns.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4.**

5. Plaintiff Elisa Wolter is the daughter of Bok and resides in the Northern District of Illinois.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5.**

6. Bok executed a power of attorney naming Wolter as her attorney-in-fact for all financial matters.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6.**

7. Bok refers all financial matters to Wolter, including those related to this case as described below.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7.**

8. Wolter brings this action on her own behalf as recipient of the letter at issue and as next friend of Bok.

**ANSWER: Upon reasonable inquiry, Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8.**

9. Defendant Anselmo Lindberg Oliver, LLC is a law firm organized as an Illinois limited liability company with principal offices at 1771 W. Diehl Road, Suite 120, Naperville, Illinois 60563. Its registered agent and offices is Thomas J. Anselmo, 1771 W. Diehl Road, Suite 120, Naperville, Illinois 60563.

**ANSWER: Admit.**

10. Anselmo Lindberg Oliver, LLC, uses the mails and telephone system in conducting its business as described above.

**ANSWER: Defendant admits it uses the mails and telephones in conducting its business.**

11. Anselmo Lindberg Oliver, LLC, is a debt collector as defined in the FDCPA.

**ANSWER: Defendant admits only that it acts as a "debt collector" as that term is defined in the FDCPA in certain circumstances and in certain instances. In further answering and upon reasonable inquiry, Defendant is without knowledge or information sufficient to form a belief as to whether it acted as a "debt collector" with respect to Plaintiff.**

12. Anselmo Lindberg Oliver, LLC, states on its web site that it "is a full-service creditor's rights firm since 1986, concentrating in creditor bankruptcy and default services such as foreclosure, bankruptcy, eviction, litigation, loss mitigation, and REO along with real estate origination settlement, both residential and commercial. ALO employs a well-qualified staff

extensively trained to deliver high quality services through our customized technology that interfaces with all industry platforms." http://alolawgroup.com.

**ANSWER:** **Defendant denies that the quote contained in Paragraph 12 can be found on Defendant's website at http://alolawgroup.com.**

## FACTS

13. Defendant has been attempting to enforce a reverse mortgage against plaintiff. The debt was incurred for personal, family or household purposes.

**ANSWER:** **Defendant admits it was retained by the holder of Plaintiff's Mortgage and Note to collect outstanding amounts due from Plaintiff. In further answering and upon reasonable inquiry, Defendant is without knowledge or information sufficient to form a belief as to whether the debt at issue was incurred for personal, family or household purposes.**

14. On or about September 14, 2015, defendant Anselmo Lindberg Oliver, LLC, sent Bok the letter attached as Appendix A.

**ANSWER:** **Defendant admits it sent Plaintiff a letter on or about September 14, 2015 seeking payment of outstanding amounts due under Plaintiff's Mortgage and Note. In further answering, Defendant admits that Plaintiff attaches what purports to be a true and accurate redacted copy of a letter sent to Plaintiff on or about September 14, 2015.**

15. Bok gave the letter to Wolter to review.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15.**

16. In addition to the letter in Appendix A, Wolter received and handled all communication related to Bok's reverse mortgage and obtained and worked with legal counsel for Bok in the matter.

**ANSWER:** Upon reasonable inquiry, Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16.

17. Appendix A is a form document.

**ANSWER:** **Defendant objects to Plaintiff's use of the term "form document" as vague as that term is not defined and has many meanings under the law. Subject to said objection, Defendant admits it uses portions of the language included in the letter attached as Appendix A in other communications it sends on behalf of its clients.**

18. Appendix A states, "Our client will not seek a personal deficiency against any party who has been discharged of any personal liability pursuant to the United States Bankruptcy Code, against any party whose bankruptcy case is still pending and our client has been granted relief from the automatic stay, or against any party who is protected by the automatic stay provisions of the United States Bankruptcy Code at the time any foreclosure sale is confirmed".

**ANSWER:** **Defendant admits Plaintiff quotes a small portion of Appendix A, but denies that Plaintiff accurately characterizes the nature and scope of the letter sent by Defendant on or around September 14, 2015.**

19. This is standard language used by defendant.

**ANSWER:** **Defendant objects to Plaintiff's use of the term "standard" as vague as that term is not defined and has many meanings under the law. Subject to said objection, Defendant admits it has used the quoted language in other communications it sends on behalf of its clients.**

20. In fact, there is no personal liability on a reverse mortgage.

**ANSWER: Defendant objects to the allegations of paragraph 20 of Plaintiff's Complaint to the extent they call solely for legal conclusions to which no response is required. If a response is required, upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.**

21. Defendant knows or should know that there is no personal deficiency on a reverse mortgage.

**ANSWER: Defendant denies these allegations.**

22. By indicating that a deficiency judgment will be sought unless the recipient has filed bankruptcy defendant:

   (a) Falsely represents the character, amount and legal status of the debt,

   (b) Represents or implies that nonpayment of the debt will result in personal liability when such action is not lawful and intended to be taken,

   (c) Threatens to take action that cannot legally be taken or that is not intended to be taken,

   (d) Uses false representation or deceptive means to collect or attempt to collect any debt, and

   (e) Threatens collection of amounts in contravention of law.

**ANSWER: Defendant denies these allegations.**

23. Defendant also fails to state material facts necessary to avoid misleading the consumer.

**ANSWER: Defendant denies these allegations.**

24. The misrepresentation/omission is highly material because a homeowner:

   (a) May file bankruptcy or take other action to resolve feared personal liability in the belief that a personal deficiency may be sought when this is not the case,

   (b) Is at a disadvantage in negotiating with defendant if he or she believes that a personal deficiency may be sought when this is not the case.

6

**ANSWER:** **Defendant denies these allegations.**

## COUNT I - FDCPA

25. Plaintiffs incorporate paragraphs 1-23.

**ANSWER:** **Defendant incorporates by reference its answers to paragraphs 1 through 23 of Plaintiff's Complaint.**

26. Defendant violated 15 U.S.C. §§1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), and 1692f(l) through the representations and omissions described above.

**ANSWER:** **Defendant denies these allegations.**

27. Section 1692e provides:

§ 1692e. False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ...

(2) The false representation of--

    (A) the character, amount, or legal status of any debt;...

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken....

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....

**ANSWER:** **Defendant admits Plaintiff quotes a portion of the FDCPA but denies it violated this or any section of the FDCPA.**

28. Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

7

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law...

**ANSWER:** **Defendant admits Plaintiff quotes a portion of the FDCPA but denies it violated this or any section of the FDCPA.**

## CLASS ALLEGATIONS

29. This action is brought on behalf of a class, pursuant to Fed. R. Civ.P. 23(a) and (b)(3).

**ANSWER:** **Defendant admits that Plaintiff purports to bring a claim on behalf of a class and denies the remaining allegations contained in paragraph 29.**

30. The class consists of (a) all persons (b) with respect to whom defendant sought to enforce a reverse mortgage (c) on a one or two family property (including condominiums and cooperatives) (e) where a letter was sent to the person during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action that (f) states in substance that "Our client will not seek a personal deficiency against any party who has been discharged of any personal liability pursuant to the United States Bankruptcy Code, against any party whose bankruptcy case is still pending and our client has been granted relief from the automatic stay, or against any party who is protected by the automatic stay provisions of the united States Bankruptcy Code at the time any foreclosure sale is confirmed".

**ANSWER:** **Defendant denies that a class should be certified and accordingly denies the allegations contained in paragraph 30.**

31. The class is so numerous that joinder of all members is impracticable. There are more than 35 members of the class.

**ANSWER:** **Defendant denies that a class should be certified and accordingly denies the allegations contained in paragraph 31.**

8

32. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common questions are whether defendant misrepresents that borrowers will be held liable for a deficiency when they will not be.

**ANSWER:** **Defendant denies the allegations contained in paragraph 32.**

33. Plaintiffs' claims are typical of the claims of the class members. All are based on the same legal and factual issues.

**ANSWER:** **Defendant denies the allegations contained in paragraph 33.**

34. Plaintiffs will fairly and adequately represent the members of the class. Plaintiffs have retained counsel experienced in the prosecution of consumer credit claims and class actions.

**ANSWER:** **Defendant denies that a class should be certified and accordingly denies the allegations contained in paragraph 34.**

35. A class action is superior for the fair and efficient prosecution of this litigation, in that:

    (a) Individual litigation is not economically feasible.

    (b) Classwide liability is essential to cause defendant to stop its improper conduct.

    (c) Many class members may be unaware that they have been victims of illegal conduct.

    (d) Class actions were intended by Congress as a principal means of enforcing the FDCPA.

**ANSWER:** **Defendant denies the allegations contained in paragraph 35.**

131400152v1 2777

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

For its First Affirmative Defense, Defendant states that any violation of the FDCPA, which Defendant denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. For instance, Defendant has policies and procedures in place to ensure it does not send confusing or misleading communications to consumers in connection with the collection of a debt.

### Second Affirmative Defense

For its Second Affirmative Defense, Defendant states that that Plaintiff's purported causes of action may not be allowed to proceed within the United States District Court system as Defendant may possess the contractual right to move this action to arbitration based on the contract Plaintiff entered into with her original creditor.

### Third Affirmative Defense

For its Third Affirmative Defense, Defendant states that additional affirmative defenses may exist as to individual class members in the event a class is certified, such as the Voluntary Payment Doctrine, class members who filed for Chapter 7 bankruptcy, or other individual defenses. Defendant therefore reserves the right to amend its Affirmative Defenses to address those potential defenses.

### Fourth Affirmative Defense

For its Fourth Affirmative Defense, Defendant states that plaintiff has not incurred an injury in fact, and plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims.

### Fifth Affirmative Defense

Defendant reserves the right to assert additional, separate and alternative affirmative defenses as discovery warrants

WHEREFORE, Defendant, ANSELMO LINDBERG OLIVER LLC, respectfully requests that the Court dismiss the Complaint in its entirety, enter judgment in favor of Defendant on Plaintiff's Complaint and grant such other and further relief in its favor as the Court deems just and proper.

131400152v1 2777

        Respectfully submitted,

        HINSHAW & CULBERTSON LLP


        /s/ Jason L. Santos
        Jason L. Santos

Jason L. Santos
Hinshaw & Culbertson LLP
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Facsimile: 312-704-3001
jsantos@hinshawlaw.com

11

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2016, a copy of Defendant's Answer and Affirmative Defenses to the Complaint was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Jason L. Santos
Jason L. Santos
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
Phone No.: 312-704-3000
Fax No. 312-704-3001
jsantos@hinshawlaw.com