IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELISA WOLTER and MARIA G. BOK, by her daughter and next friend EILISA WOLTER, individually and on behalf of a class,<br><br>                Plaintiffs,<br>   v.<br><br>ANSELMO LINDBERG OLIVER, LLC,<br><br>                Defendant. | Case No. 16 C 4205<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Elisa Wolter ("Wolter"), on her own behalf and on behalf of the Estate of plaintiff Maria G. Bok ("Bok"), has brought a putative class action complaint against defendant Anselmo Lindberg Oliver, LLC, alleging violations of § 1692 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq. Defendant has moved for summary judgment pursuant to Fed. R. Civ. P. 56(a), and plaintiffs have moved for certification of a class. For the reasons stated below defendant's motion for summary judgment is granted and plaintiffs' motion is denied.

## BACKGROUND

Bok executed a reverse mortgage loan agreement with Countrywide Bank, FSB in 2008. The reverse mortgage was insured by FHA and, pursuant to HUD regulation, contained a non-recourse provision, which stated that the borrower will not be personally liable for payment and that the lender is not permitted to obtain a deficiency judgment against the borrower. 24 C.F.R. § 206.27(b)(8). Four years later, Bok filed a Chapter 7 Bankruptcy and was discharged of all personal liability on September 11, 2012. In January of 2015, Bok gave power-of-attorney ("POA") to her daughter Wolter.

Defendant is a law firm organized as an Illinois limited liability company. Specifically defendant is a "full-service creditor's rights firm . . .." On or about September 14, 2015, defendant sent a collection letter to Bok. The letter indicated that defendant was a debt collector and represented the holder of a mortgage and note on the above captioned property. The letter further indicated as of the date of the letter the amount of the above debt was $189,746.67. The last paragraph of the letter provided:

> Our client will not seek a personal deficiency against any party who has been discharged of any personal liability pursuant to the United States Bankruptcy Code, against any party whose bankruptcy case is still pending and our client has been granted relief from the automatic stay, or against any party who is protected by the automatic stay provisions of the United States Bankruptcy Code at the time any foreclosure sale is confirmed.

## **DISCUSSION**

Plaintiffs allege that the language in the last paragraph of the letter violated the FDCPA by misleadingly implying incorrectly that there is personal liability on the reverse mortgage. In particular, plaintiffs allege that by sending the collection letter with the allegedly improper language, defendant violated 15 U.S.C. § 1692e(2), (4), (5) and (10), which provide that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
>
> (2) The false representation of-
>
>     (A) the character, amount, or legal status of any debt; . . .
>
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

Plaintiff also alleges that defendant violated 15 U.S.C. § 1692f(1), which provides that:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law . . .

Defendant has moved for summary judgment, arguing that: (1) plaintiffs lack standing because they have suffered no injury; (2) the alleged misleading communication was not, as a matter of law, misleading; and (3) plaintiff Wolter is not an "aggrieved person" as contemplated by the FDCPA.

Defendant first argues that plaintiffs lack standing under Article III of the Constitution, which limits federal judicial power to certain cases and controversies. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Article III standing has three elements: (1) the plaintiff must have suffered an injury in fact, an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) the injury must be fairly traceable to the challenged action of the defendant; and (3) it must be redressable by a favorable decision. Id. at 560-61. Relying part on the Supreme Court's recent opinion in Spokeo v. Robins, __ U.S. __, 136 S.Ct. 1540 (2016), defendant argues that plaintiffs have failed to allege a concrete harm. Specifically, defendant argues that plaintiffs have not suffered a concrete or particularized injury because the letter was not false, deceptive, misleading, unfair, or

3

unconscionable. Rather, according to defendant, it truthfully advised Bok that the loan was in default, but that if she had been discharged in bankruptcy she would not be sued for a personal deficiency. Additionally, defendant argues that neither plaintiff was misled or deceived as to their rights. Wolter admitted as much in her deposition when she said that the letter might imply that Bok might be liable for a deficiency, but not if she had received a discharge in bankruptcy, which Bok had in fact received. Wolter also admitted, according to defendant, that she had no understanding of what the bankruptcy statement meant, so she could not have been misled.

In Spokeo, the Supreme Court explained that concrete and particularized are separate and distinct concepts, and that both must exist for standing. Id. at 1548-50. To be concrete the injury must be "de facto," meaning it must actually exist. Id. at 1548. Concrete is not, however, synonymous with tangible. Id. at 1549. Moreover, although "Congress may elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in the law," a plaintiff does not automatically satisfy the injury in fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Id. "Article III standing requires a concrete injury even in the context of a statutory violation." Id. Thus, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." Id. at 1549.

In response to defendant's argument that neither Bok nor Wolter could have been misled by the addition of the bankruptcy statement in the letter, plaintiffs argue that defendant "misunderstand[s] the nature of the injury involved. Plaintiffs suffered an informational injury simply by receiving the misleading and deceptive information, thereby impairing their ability to

4

make intelligent choices about how to proceed."[1]  Plaintiffs argue that they "need not allege any additional harm beyond the one "Congress identified," citing Spokeo.  This interpretation of the Supreme Court's decision in Spokeo is, however, over-inclusive and misguided.  In Spokeo, the Court acknowledged that Congress had intended to curb certain behavior by adopting procedures provided by the Fair Credit Reporting Act ("FCRA").  Nonetheless, the plaintiff in Spokeo could not satisfy Article III standing merely by alleging a violation of a procedural requirement of the FCRA in part, because "not all inaccuracies cause harm or present any material risk of harm."  Id. at 515.  Therefore, simply alleging a violation of § 1692(e) that is "divorced from any concrete harm," Spokeo, 136 S.Ct. at 1549, is insufficient.  "Instead, the plaintiff must show that the statutory violation presented an appreciable risk of harm to the underlying concrete injury that Congress sought to protect by enacting the statute."  Groshek v. Time Warner Cable, Inc., 865 F.3d 884, 887 (7th Cir. 2017).

Plaintiffs contend that they suffered an informational injury, as did the plaintiff in Havens Realty Corp. v. Coleman, 455 U.S. 374 (1982).  In Havens, the plaintiff, a housing discrimination tester, met the injury in fact requirement because she had suffered an informational injury.  In Havens, however, the plaintiff failed to receive the information to which she was legally entitled.  As the Seventh Circuit explained in Groshek, "a plaintiff suffers an injury in fact when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute."  Groshek, 865 F.3d at 887 (citing Federal Election Comm'n v. Akins, 542 U.S. 11, 22 (1998); Public Citizen v. Department of Justice, 491 U.S. 440, 449 (1989)).  Therefore, like the plaintiff in Groshek, and unlike the plaintiffs in Adkins and Public Citizen, plaintiffs are not seeking to compel defendant to

---

[1] In their brief, plaintiffs concede that their complaint alleges an informational injury only, not an injury involving any harm or even a slight risk of harm.  Indeed, the parties seem to agree there was no risk of harm to plaintiffs because Bok had been discharged in bankruptcy before receiving the letter.

provide them with information. They have not alleged that, after receiving the allegedly misleading letter, they requested defendant to provide them with information about whether they could be sued for a deficiency judgment and were denied such information. Thus, because plaintiffs have not "failed" to obtain information, they have not suffered an informational injury. Groshek, 865 F.3d at 888.

Plaintiffs cite many district court cases from this district and others in support of their argument that "violations of the FDCPA inflicts [sic] concrete informational injury [sic]." Each of these cases is distinguishable from the instant case. In some, the plaintiffs alleged informational injuries that arose from the defendant's failure to provide information required by statute, or that the defendant did more than mislead, but lied to the plaintiffs. Pogorzelski v. Patenaude & Felix APC, 2017 WL 2539782 (E.D. Wis. June 12, 2017); Haddad v. Midland Funding, LLC, 2017 WL 1550187 (N.D. Ill. May 1, 2017); Long v. Fenton & McGarvey Law Firm, P.S.C., 2016 WL 7235509 (S.D. Ind., Dec 14, 2016); George v. Wright, Lerch & Litow, LLP, 2016 WL 6963990 (S.D. Ind. Nov. 29, 2016); Paz v. Portfolio Recovery Associates, LLC, 2016 WL 6833932 (N.D. Ill. Nov. 21, 2016); Hayes v. Convergent Healthcare Recoveries, Inc., 2016 WL 5867818 (C.D. Ill. Oct. 7, 2016); Saenz v. Buckeye Check Cashing of Illinois, 2016 WL 5080747 (N.D. Ill. Sept. 20, 2016).

In others, the plaintiffs did not contend that their injuries where "informational" at all. Alexandria Stockman v. Credit Protection Assc'n. LP, 2017 WL 2798403 (N.D. Ill. June 28, 2017); Everett v. Financial Recovery Services, Inc., 2016 WL 6948052 (S.D. Ind. Nov. 28, 2016).

6

Consequently, because the court concludes that plaintiffs have failed to allege an informational injury, as defined by the Supreme Court and the Seventh Circuit, they have failed to allege Article III standing.

## **CONCLUSION**

For the reasons stated above, defendant's motion for summary judgment (Doc. 56) is granted and the case is dismissed for lack of standing. Plaintiffs' motion to certify a class (Doc. 54) is denied as moot.

**ENTER:** October 4, 2017

_____
**Robert W. Gettleman**
**United States District Judge**