IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELISA WOLTER and the estate of ) | |
| MARIA G. BOK, by ELISA WOLTER, ) | |
| individually and on behalf of a class, ) | Case No. 16-cv-04205 |
|     Plaintiffs, ) | Honorable Judge Robert W. Gettleman |
| ) | Magistrate Judge Valdez |
| v. ) | |
| ) | |
| ANSELMO LINDBERG OLIVER LLC, ) | |
|     Defendant. ) | |

**PLAINTIFFS' MOTION TO RECONSIDER COURT'S ORDER
OF OCTOBER 4, 2017, GRANTING DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiffs respectfully request, pursuant to Federal Rule of Civil Procedure 59(e), that this Court reconsider its Memorandum Opinion and Order of October 4, 2017 (Dkt. #69) granting Defendant's Motion for Summary Judgment on the ground that Plaintiffs lack standing and denying Plaintiffs' Motion for Class Certification as moot.

The grounds for this motion are as follows:

1. First, in issuing its opinion, the Court did not designate that the dismissal was without prejudice. However, when a case is dismissed for lack of standing, it can only be dismissed *without* prejudice. *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 690 (7th Cir. 2015) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998); *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 122 (2d Cir. 1999)). Accordingly, if the Court declines to reconsider the merits of its decision as requested below, the dismissal should be designated as without prejudice.

2. Additionally, in reaching its opinion that Plaintiffs lacked standing, the Court wrote:

1

> Plaintiffs contend that they suffered an informational injury, as did the plaintiff in Havens Realty Corp. v. Coleman, 455 U.S. 374 (1982). In Havens, the plaintiff, a housing discrimination tester, met the injury in fact requirement because she had suffered an informational injury. In Havens, however, the plaintiff failed to receive the information to which she was legally entitled. As the Seventh Circuit explained in Groshek, "a plaintiff suffers an injury in fact when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute." Groshek [v. Time Warner Cable, Inc.], 865 F.3d [884,] 887 [(7th Cir. 2017)] (citing Federal Election Comm'n v. Akins, 542 U.S. 11, 22 (1998); Public Citizen v. Department of Justice, 491 U.S. 440, 449 (1989)). Therefore, like the plaintiff in Groshek, and unlike the plaintiffs in Adkins and Public Citizen, plaintiffs are not seeking to compel defendant to provide them with information. They have not alleged that, after receiving the allegedly misleading letter, they requested defendant to provide them with information about whether they could be sued for a deficiency judgment and were denied such information. Thus, because plaintiffs have not "failed" to obtain information, they have not suffered an informational injury. Groshek, 865 F.3d at 888.

Op. 5-6.

3. Thus, the Court's decision rests on the premise that an informational injury can only occur when a plaintiff fails to receive information from a defendant. This conclusion is a misapplication of *Havens* and warrants reconsideration by this Court.

4. The Court is correct that the information injuries in *Adkins* and *Public Citizen* involved the plaintiffs' inability to obtain certain information they had requested and to which they were legally entitled. *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 20 (1998) (holding plaintiffs had standing because "[t]he injury of which respondents complain—their failure to obtain relevant information—is injury of a kind that FECA seeks to address"); *Pub. Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 449 (1989) ("[R]efusal to permit appellants to scrutinize the ABA Committee's activities to the extent FACA allows constitutes a sufficiently distinct injury to provide standing to sue.")

5. However, the withholding of information that the law requires be disclosed is not the only kind of informational injury. As *Havens* demonstrates, an informational injury also

results when a defendant *provides* information but it is false or misleading, where the law requires it to be truthful.

6. At issue in *Havens* was a provision of the Fair Housing Act which provided "that it is unlawful for an individual or firm covered by the Act '[t]o represent to *any person* because of race, color, religion, sex, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available.'" *Havens*, 455 U.S. at 373 (citing 42 U.S.C. § 3604(d)) (emphasis in original).

7. The Supreme Court concluded that through this provision "Congress . . . conferred on all 'persons' a legal right to *truthful* information about available housing." *Id*. (emphasis added).

8. Thus, the Court held that a black "tester" who received false information about the availability of housing from the defendant had standing, whereas a white "tester" who received truthful information did not. *Id*. at 364. Neither was denied information. The key distinction was that the information one received was truthful, while the information the other received was false. Accordingly, it is not only the *withholding* of information as in *Adkins* and *Public Citizen* that can create an informational injury; the *providing* of false or misleading information in violation of statutory standards also causes an informational injury.

9. That the plaintiffs in *Havens* requested the information while Defendants initiated the sending of information in this case is of no import. Had the landlords in *Havens* volunteered false information without being asked, it would not have altered the Court's standing analysis.

10. The only difference between *Havens* and this case is that where the Federal Housing Act requires certain information about housing availability to not be false, the FDCPA

3

requires certain information in connection with the collection of debts to not be false, deceptive, or misleading. 15. U.S.C. § 1692e.

11. This Court wrote that Plaintiffs were like the plaintiff in *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884 (7th Cir. 2017), in that they were "not seeking to compel defendant to provide them with information." Op. 5-6. However, while the Court in *Groshek* distinguished its case from *Adkins* and *Public Citizen* on that ground, it distinguished its case from *Havens* on different grounds. Specifically, it wrote that unlike in *Havens*, the injury the plaintiff in its case alleged was not of "the form the statute was intended to guard against." *Groshek*, 865 F.3d at 888 n.3 (quoting *Havens*, 455 U.S. at 373).

12. A misleading communication from a debt collector is, however, precisely the kind of injury the FDCPA was intended to prevent and therefore causes an injury sufficient for standing. *Aguirre v. Absolute Resolution Corp., et al.*, No. 15 C 11111, 2017 WL 4280957, at *3 (N.D. Ill. Sept. 27, 2017) (Pallmeyer, J.)(holding the plaintiff had standing under the FDCPA because the alleged injuries were "the precise harms the FDCPA was meant to remedy").

13. At least two FDCPA cases decided in this Circuit after briefing in this matter was completed relied on *Havens* in determining that the plaintiffs in those cases suffered informational injuries sufficient to confer standing. Neither case involved defendants refusing to provide information demanded by the plaintiffs.

14. In *Marquez v. Weinstein, Pinson & Riley, P.S.*, No. 14 C 739, 2017 WL 4164170, at *1 (N.D. Ill. Sept. 20, 2017) (Tharp, J.), the defendant had included as a paragraph in a state court complaint filed against alleged debtors a statement that "the debt referenced in this suit will be assumed to be valid and correct if not disputed in whole or in part within thirty (30) days from the date hereof," language that the FDCPA requires be in an initial communication with a debtor

4

unless that communication is a complaint. On appeal, the Seventh Circuit Court of Appeals found this language "plainly deceptive and misleading to an unsophisticated consumer as a matter of law" as to the proper timing and method of response to the complaint. *Id*. at *2. On remand, the defendant argued the plaintiffs had no standing. *Id*. at *2. Referring to the plaintiffs' injury as an "informational harm," *Id*. at *4 n.2, Judge Tharp concluded that the plaintiffs had standing because "[l]ike the FHA [in *Havens*], which establishes an enforceable right to truthful information concerning the availability of housing, the FDCPA establishes an enforceable right to accurate information about consumer debts. And because the Seventh Circuit has determined that Paragraph 12 was **not** accurate, but rather misleading as a matter of law, it follows that the plaintiffs have demonstrated that they 'have been the object of a misrepresentation made unlawful' under the FDCPA." *Id*. at *4 (emphasis in original).

15. The court in *Wheeler v. Midland Funding, LLC*, No. 15 C 11152, 2017 WL 3235683 (N.D. Ill. July 31, 2017) (Kendall, J.), similarly found the reasoning of *Havens* to be persuasive. The plaintiff in *Wheeler* sued a debt collector under the FDCPA for failing to inform him in its communications with him that his debt was beyond the statute of limitations. *Id*. at *1. Discussing *Havens* and referring to "informational injuries," the court held that the plaintiff had standing because "[s]imilar to the FHA, the FDCPA, confers a right to truthful information and is aimed at preventing unlawful misrepresentations. And similar to the testers in *Havens Realty*, Wheeler personally suffered a cognizable injury—the deprivation of truthful information—even without suffering a pecuniary loss." *Id*. at *3, *4.

16. Although not discussing *Havens* in any depth, the court in *Aguirre v. Absolute Resolution Corp., et al.*, No. 15 C 11111, 2017 WL 4280957, at *3 (N.D. Ill. Sept. 27, 2017) (Pallmeyer, J.), cited it in support of its conclusion that the plaintiff had standing because her

alleged injuries were "the precise harms the FDCPA was meant to remedy." In *Aguirre*, the defendants sent a collection letter that stated that "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater," when they "were not authorized—and never intended—to add any such charges to her account." *Id*. at *2. Judge Pallmeyer cited over a dozen FDCPA cases addressing standing in this Circuit since *Spokeo*, noting that in every one of them "the courts have concluded that plaintiffs claiming intangible injuries from allegedly predatory debt collection practices do in fact have Article III standing to sue for statutory damages under the FDCPA." *Id.* at *4, n. 3.

17. Similarly, in *Lopez v. Glob. Credit & Collection Corp.*, No. 17 CV 427, 2017 WL 4340098, at *1 (N.D. Ill. Sept. 29, 2017) (Shah, J.), the plaintiff received a letter falsely stating that he owed a debt. A court in another state had already determined that the debt belonged to someone else with the same name. *Id*. The defendant argued the plaintiff suffered no injury because he knew he did not owe the debt. *Id*. Judge Shah disagreed, writing: "Congress has created a legally protected interest to be free from the receipt of a false communication, and whether or not plaintiff was subjectively deceived, he suffered the precise injury that Congress defined in the statute." *Id*.

18. Accordingly, this Court's conclusion that Plaintiffs did not suffer an informational injury from a failure to obtain information is incomplete. This Court did not consider whether the FDCPA creates a legal right to non-false, non-deceptive, and non-misleading information and whether the provision of false, deceptive, or misleading information is therefore sufficient to create an informational injury like the one in *Havens*.

WHEREFORE, Plaintiffs respectfully move for reconsideration of the Court's order (Dkt. #69) granting Defendant Motion for Summary Judgment and denying Plaintiffs' Motion

for Class Certification. Should the Court deny this Motion, Plaintiff's request that the dismissal of the case be designated as without prejudice.

                Respectfully submitted,

                s/ Michelle A. Alyea
                Michelle A. Alyea

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## **CERTIFICATE OF SERVICE**

      I, Michelle A. Alyea, certify that on October 11, 2017, I caused a true and accurate copy of the foregoing document to be served to all counsel of record via the Court's CM/ECF system.

      /s/ Michelle A. Alyea
      Michelle A. Alyea