IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELISA WOLTER and the estate of MARIA G. BOK, by ELISA WOLTER, individually and on behalf of a class, , )<br><br>Plaintiffs )<br><br>v. )<br><br>ANSELMO LINDBERG OLIVER, LLC, )<br><br>Defendant. ) | Case No. 16 C 4205<br><br>Judge Robert W. Gettleman |

## **ORDER**

Plaintiff Elisa Wolter ("Wolter"), on her own behalf and on behalf of the Estate of plaintiff Maria G. Bok ("Bok"), brought a putative class action complaint against defendant Anselmo Lindberg Oliver, LLC alleging violations of § 1692 of the Fair Debt Collection Practices Act ("FDCPA') 15 U.S.C. § 1692 et seq. In an October 4, 2017, memorandum opinion and order, the court granted defendant's motion for summary judgment, concluding that plaintiffs lack standing because they had failed to allege an "informational injury" as that term was defined in Groshek v. Time Warner Cable, Inc., 865 F.3d 884, 887 (7th Cir. 2017). Wolter v. Anselmo Lindberg Oliver, 2017 WL 4417830 *3 (N.D. Ill. Oct. 4, 2017).[1]

Plaintiff has moved for reconsideration of that order, arguing that numerous cases have held that the receipt of false or misleading information in violation of § 1692e, regardless of whether the information was statutorily required or otherwise sought by the plaintiff, constitutes an informational injury sufficient to support standing, because it is "precisely the kind of injury the FDCPA was intended to prevent." See Aguirre v. Absolute Resolution Corp. 2017 WL 428095 *7 (N.D. Ill. Sept. 27, 2017).

---

[1] Familiarity with the court's previous opinion is assumed.

Even if plaintiffs' description of the holdings in the numerous cases they cite in their two briefs in support of their motion are correct, plaintiffs still lack standing in the instant case. In Groshek, the court stated that "a plaintiff cannot satisfy the injury-in-fact element by alleging a 'bare procedural violation' that is 'divorced from any concrete harm.'" Groshek, 865 F.3d at 887 (quoting Spokeo v. Robbins, __ U.S. __, 136 S.Ct. 1540, 1549-50 (2016)). "Instead, plaintiff must show that the statutory violation presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect by enacting the statute. Id.

Congress's stated goal in enacting the FDCPA was to curb "the use of abusive, deceptive and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Plaintiffs claim that the letter in question was deceptive because the addition of the paragraph indicating that no personal deficiency would be sought against any party who had filed for bankruptcy protection suggests that a deficiency could be sought against a party that had a reverse mortgage. But, in the instant case, plaintiff Bok had filed for and received a discharge in bankruptcy, meaning there was no appreciable risk of harm that plaintiffs would be deceived. Consequently, plaintiffs have not alleged a concrete injury and lack standing. The motion to reconsider (Doc. 70) is denied.

**ENTER:** **November 21, 2017**

_____
**Robert W. Gettleman**
**United States District Judge**